UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DWAYNE FIELDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN,<br><br>　　　　Defendant. | No. 2:18-cv-3207 AC<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

Plaintiff brings claims under the due process and equal protection clauses of the Fourteenth Amendment, and for cruel and unusual punishment in violation of the Eighth Amendment, against the former Director of the California Department of Corrections and Rehabilitation. The complaint alleges that plaintiff, who was convicted of several serious offenses including mayhem, has been denied access to early parole consideration under Proposition 57.[1] Plaintiff seeks damages and injunctive relief.

### IV. Failure to State a Claim

Plaintiff cannot maintain a due process claim based on denial of early parole consideration, because he has no protected property interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). It follows

---

[1] Proposition 57 added Article 1, Section 32 to the California Constitution. It states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

3

that there is no constitutional right to parole consideration. See Fernandez v. Nevada, No. 3:06-CV-00628 LRH-RA, 2008 U.S. Dist. LEXIS 131876, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). And where there is no liberty interest in parole eligibility or parole, there can be no due process violation. See id.

The questions whether Proposition 57 is being improperly construed, and whether its provisions should extend to those convicted of mayhem (or a combination of violent and non-violent crimes), are questions of California law. Accordingly, they are not reviewable by this court. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process). Plaintiff's due process claim therefore is not cognizable.

Plaintiff's equal protection claim also fails as a matter of law, because it does not violate equal protection for a parole eligibility scheme to distinguish among categories of offenses or offenders. Such distinctions need be supported only by a rational basis. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985) (legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest). There is a rational basis for statutory differences reflecting the alleged "seriousness" of the crimes. See Aguilera-Montero v. Mukasey, 548 F.3d 1248, 1254 (9th Cir. 2008).

Finally, the facts do not and cannot support a substantive Eighth Amendment challenge to plaintiff's sentence. Plaintiff cites no authority suggesting that the Eighth Amendment is implicated by the denial of parole, and the court is aware of none. Moreover, as the Eighth Amendment does not bar a life sentence for crimes significantly less serious than mayhem, see, e.g., Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (upholding consecutive terms of 25 years to life for recidivist convicted of petty theft), there would be no Eighth Amendment violation based on a parole denial even if the result were life incarceration.

V.   Leave to Amend is Not Appropriate

For all the reasons explained above, the undersigned finds that the complaint fails to state cognizable civil rights claims under 42 U.S.C. § 1983 and that any amendment of the complaint

would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Because plaintiff cannot state a claim as a matter of law, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

VI.  Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your complaint be dismissed without leave to amend. You do not have any federal constitutional rights to early parole consideration under Proposition 57, and so you cannot bring a lawsuit against the Director of CDCR on that basis.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a district judge to this action.

IT IS FURTHER RECOMMENDED that this action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u> 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE